

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2006

# Diaz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2672

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Diaz v. Atty Gen USA" (2006). *2006 Decisions*. Paper 632.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/632

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 05-2672

————————

FAUSTO DIAZ-MUNOZ,
                                                    Petitioner
                    vs.

*ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

*Amended per the Clerk's Order dated 6/16/06

————————

ON REVIEW OF A PETITION FOR REVIEW OF AN ORDER
OF THE UNITED STATES DEPARTMENT OF JUSTICE
BOARD OF IMMIGRATION APPEALS
(BIA No. A # 13-184-675)

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2006
Before:   SMITH, WEIS and ROTH Circuit Judges.

(Filed:  August 2, 2006)

————————

OPINION

————————

WEIS, Circuit Judge.

        Mr. Fausto Diaz-Munoz petitions for review of decisions by the Board of

Immigration Appeals ("BIA") denying his application for withholding of removal and

1

relief under the Convention Against Torture ("CAT") and denying his Motion to Reopen. In ruling on the withholding and CAT claims, the BIA adopted and affirmed the decision of the Immigration Judge ("IJ"). We have jurisdiction under 8 U.S.C. § 1252, as amended by the Real ID Act, which became effective May 12, 2005. Because we find that substantial evidence in the record supports the findings of the BIA, we will deny the petition for review.

Petitioner was born on August 24, 1953 in the Dominican Republic. He entered the United States in 1983, is married and has several children. He was convicted of a federal narcotics violation in 1996 and was sentenced in the U.S. District Court for the Eastern District of Pennsylvania to 48-months incarceration. In 1999, petitioner was convicted for a narcotics violation in state court in Pennsylvania and received a sentence of 36 to 72 months incarceration.

The petitioner's testimony before the IJ in 2004 indicated that he was from a well established family in the Dominican Republic. He testified that he had worked in several government jobs that he secured through the influence of his family and, in 1979, began working as a narcotics agent for the Dominican Republic's national police. The United States Drug Enforcement Administration ("DEA") asked petitioner to assist in acquiring information about drug trafficking, particularly evidence implicating corrupt government or military officials. Eventually, petitioner secured and provided the DEA with evidence implicating a high ranking police officer, Colonel Perez.

Petitioner testified that he was called to present evidence at a televised court martial of Colonel Perez. The proceedings gained national attention and resulted in Colonel Perez's imprisonment.

After the court martial, the chief of the national police advised petitioner to leave the country for fear that he would not be properly protected from people interested in retaliating against him for his cooperation with the DEA. As a result, petitioner came to the United States in 1983. He testified that, in the years since he arrived in the U.S., his relatives in the Dominican Republic have notified him that various unnamed individuals had inquired about his whereabouts and threatened to physically harm him.

Petitioner sought withholding of removal and relief under the CAT, contending that it was more likely than not that he would be tortured if he returned to the Dominican Republic. Petitioner testified that Colonel Perez was living in the Dominican Republic, and, although he was no longer a government official, he nonetheless continued to assert significant influence there. Petitioner also named two officers in the Dominican national police who knew that he had implicated them in drug trafficking. (App. 191-92).

Petitioner testified about systemic corruption in the Dominican Republic and asserted that the Dominican media's policy of publishing information about returning deportees would alert his enemies of his arrival.

The IJ concluded that petitioner offered no evidence to support his claim that Colonel Perez exercised influence over the government. The IJ also ruled that petitioner had not provided any evidence suggesting that the government would acquiesce

in illegal, ultra vires actions taken by the two police officers. Instead, the IJ noted that the latest information on the Dominican Republic indicated that the government had made substantial strides to eradicate corruption, specifically that involving narcotics, including arresting and dismissing numerous government officials. In essence, the IJ concluded that petitioner had not proved that the Dominican government would, more likely than not, acquiesce in illegal behavior by rogue government officials or former officials.

The BIA affirmed, explaining that petitioner bore the burden of proving government acquiescence in torture and he had failed to demonstrate both (1) that the government would be aware, through actual knowledge or willful blindness, of torturous acts; and (2) that the government would breach its legal duty to protect petitioner. The BIA also denied the Motion to Reopen because petitioner failed to show that the evidence he intended to introduce at a new proceeding would be material and was not available, or could not have been discovered, previously.

In his appeal to this Court, petitioner argues that the BIA erred in affirming the IJ's CAT decision because the IJ based its decision on Matter of Y-L, 23 I&N Dec. 270 (A.G. 2002). Specifically, petitioner argues that Y-L applies only in cases where the petitioner did not testify credibly. Alternatively, petitioner argues that, if Y-L applied to this case, the IJ failed to "genuinely" examine whether the government of the Dominican Republic would willfully accept torturous actions directed at petitioner.

Where the BIA adopts the findings of the IJ and also discusses the basis for the IJ's decision, we review both the IJ's and the BIA's decisions. He Chun Chen v.

4

Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the BIA's legal determinations *de novo*, subject to established principles of deference. See Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir. 2004) (citations omitted). Factual findings must be upheld if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)).

To qualify for relief under the CAT, an alien must demonstrate that it is more likely than not that he or she would be tortured if returned to the proposed country of removal. 8 C.F.R. § 208.16(c). The petitioner bears the burden to show that he would be tortured, and objective evidence is required. Berishaj v. Ashcroft, 378 F.3d 314, 332 (3d Cir. 2004).

In this case, the BIA concluded that the petitioner had not shown that the Dominican government would be, at a minimum, willfully blind to torture by the individuals petitioner claimed to fear.

The following factors are helpful when determining whether torture is more likely than not: (1) evidence of past torture inflicted on the petitioner; (2) possibility that the petitioner could relocate within the country of removal to an area where torture is unlikely; (3) evidence of "gross, flagrant or mass violations of human rights" in the country of removal; and (4) other relevant country conditions. See Amanfi v. Ashcroft, 328 F.3d 719, 725 (3d Cir. 2003) (quoting 8 C.F.R. § 208.16(c)(3)).

Petitioner testified about the people he thought would retaliate against him

5

and their reasons for wanting to harm him. However, petitioner did not provide any evidence explaining why the government would sanction or turn a blind eye toward actions by those individuals. Petitioner had no specific evidence to refute the respondent's evidence showing recent improvements in the Dominican Republic's efforts to ferret out and punish corruption. We find no error in the BIA's ruling.

Petitioner contends also that the BIA erred in denying his Motion to Reopen based on allegations that he intended to produce new evidence that consisted of several newspaper articles from the 1980s discussing his role in prosecuting Colonel Perez.[1] Petitioner contends that this evidence substantiates his claim that Colonel Perez had completed his incarceration and was living in the Dominican Republic which would inferentially support the claim that Colonel Perez would seek out petitioner to inflict harm on or kill him.

The Board denied the petitioner's motion because petitioner failed to show that the evidence was unavailable or undiscoverable at the time of the prior proceedings and because the evidence was cumulative.

We can see no error in the Board's exercise of its discretion in ruling on this issue. See I.N.S. v. Doherty, 502 U.S. 314, 323 (1992) (explaining that the Attorney General has "broad discretion" to grant or deny a motion to reopen and that such motions

---

[1] The IJ granted petitioner a continuance to gather the articles; however, petitioner could not produce them in the time allotted. As a result, the IJ proceeded to issue his opinion. While petitioner's appeal to the BIA was pending, he secured the information.

are disfavored).  In addition to the cumulative, non-material nature of the evidence, it was over twenty years old and, therefore, technically "available" and "discoverable," albeit difficult to obtain.

For the foregoing reasons, we will deny Mr. Diaz-Munoz's petition for review of the BIA's order.